ERNEST BRUNETTE, Respondent, v. JOHN W. WOLF and
WIFE, Appellants.

No. 3864; December 29, 1863.

**Homestead—Effect of Filing After Attachment.**—If a declaration of homestead has been duly filed within the time required by statute, although after a levy in attachment, on premises occupied as their homestead by the owner and his wife from the time of their acquisition, such premises do not pass under a sheriff's deed sought to be made by virtue of the judgment and levy in the attachment proceedings.

**Appeal—When Unnecessary to Remand Case for New Trial.**—Where on appeal the facts appear in an agreed statement, and show a party to be entitled to a judgment, it is unnecessary to send the case back to the court below for a new trial.

APPEAL from Eleventh Judicial District, Yolo County.

L. R. Hopkins for respondent; Frank F. Taylor and Humphry Griffith for appellants.

CROCKETT, J.—This is an action to recover the possession of a tract of land. The plaintiff claims under an attachment, judgment, execution and a sheriff's sale and deed under the same, in an action before a justice of the peace, against the defendant Wolf and one Statit. The attachment was levied on the property September 7, 1860; judgment was rendered September 15, 1860; the property was sold by the sheriff on the execution October 22, 1860, and the sheriff's deed was executed and delivered to the plaintiff May 9, 1861.

On the other hand, it appears that the defendant became the owner of the premises July 17, 1860; that he is a married man, and has ever since resided thereon with his family as his homestead, and on the eighteenth day of September, 1860, he with his wife made, filed and had recorded in the recorder's office their declaration of homestead as required by the statute. This declaration appears to have been duly filed within the time required by the statute, and these facts constitute a full defense to the action. It follows that the judgment in favor of the plaintiff is against the law and the evidence. The facts in this case appear in an agreed statement, and as they

show that the defendant was entitled to a judgment, it is unnecessary to send the case back for a new trial.

The judgment is therefore reversed, and judgment is rendered for the defendant, that he have and recover his costs herein expended from the plaintiff, and that the plaintiff take nothing by his action.

I concur: Norton, J.